UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0141(8) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| RODNEY FRANKLIN PITTMAN, | |
| Defendant. | |

Defendant Rodney Pittman pleaded guilty to one count of conspiring to distribute controlled substances and two counts of distributing cocaine base. The Court sentenced him to 90 months in prison and three years of supervised release. ECF No. 478. On July 31, 2019, the United States Court of Appeals for the Eighth Circuit affirmed Pittman's sentence on direct appeal. ECF Nos. 505, 506.

This matter is before the Court on a filing from Pittman entitled "Appeal from U.S. District Court for the District of Minnesota." ECF No. 507. In the filing, Pittman requests "another" extension of time because the prison where he is incarcerated is on lockdown and he lacks access to his legal paperwork. Pittman also refers to a "first petition" raising claims of ineffective assistance of counsel and a "second petition" raising claims about a sentencing enhancement (presumably the Court's finding that he is a career offender under § 4B1.1 of the United States Sentencing Guidelines).

The Court has not received any petitions of any kind from Pittman, nor has it granted any extensions of time for any anticipated filings. It is therefore unclear what Pittman is talking about. To the extent Pittman may be seeking an extension of time in which to file a motion under 28 U.S.C. § 2255, however, the Court notes two things:

First, because Pittman has not yet filed a § 2255 motion, the Court lacks jurisdiction over a motion for an extension of time to file a § 2255 motion.[1] *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (noting that the Second, Fourth, Fifth, Sixth, Eleventh, and District of Columbia Circuits have all held that district courts lack authority to entertain motions for extensions to file a § 2255 motion in the absence of a pending § 2255 motion); *but see United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (holding that district courts have authority to rule on motions for extensions of time before a § 2255 motion is filed).

---

[1] Where the motion for an extension of time contains sufficient detail about the proposed claims for relief, a district court should consider whether to construe it as a § 2255 motion. *United States v. Asakevich*, 810 F.3d 418, 424 (6th Cir. 2016). Although Pittman's motion contains references to claims he intends to bring, it is plain that Pittman does not intend this filing to constitute a § 2255 motion. As discussed below, Pittman has ample time to file any future § 2255 motion and this filing likely relates to his current effort to secure a rehearing from the Eighth Circuit. Construing this filing as a § 2255 motion would therefore likely lead to confusion and delay. *See generally Castro v. United States*, 540 U.S. 375 (2003) (discussing the pitfalls of construing a filing as a § 2255 motion and prescribing procedures that district courts must follow when doing so). The Court therefore declines to treat Pittman's filing as a § 2255 motion.

Second, as the Eighth Circuit disposed of Pittman's direct appeal just over a month ago, the statute of limitations for Pittman to file a § 2255 motion has not yet begun to run. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) (a conviction becomes final when the Supreme Court either denies a petition for a writ of certiorari or affirms the conviction on direct review or, if a petition is never filed, when the time for filing such a petition expires).

In short, to the extent Pittman may be seeking an extension of time to file a § 2255 motion, the Court lacks jurisdiction over such a request and in any event no extension is warranted. It appears to the Court, however, that Pittman may not actually be seeking an extension of time to file a § 2255 motion. Instead, it appears that he may have intended to submit his filing to the Eighth Circuit. The Eighth Circuit recently granted Pittman an extension of time in which to file a pro se petition for rehearing. *United States v. Pittman*, No. 18-3048 (8th Cir. Aug. 16, 2019) (order granting extension of time). As Pittman's current filing is labeled an "appeal," and as it requests a "second" extension, it appears likely that this filing is related to his intended petition for a rehearing before the Eighth Circuit. Notably, Pittman's first request for an extension was submitted through counsel and there are no other pro se filings on the Eighth Circuit's docket, suggesting that Pittman may be confused as to where to direct his appellate filings. The Court will therefore deny his motion without prejudice to the

extent that it seeks an extension of time from this Court and will transfer his motion to the Eighth Circuit.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for an extension of time [ECF No. 507] is DENIED WITHOUT PREJUDICE to the extent that it seeks an extension of time to file a motion under 28 U.S.C. § 2255.

2. The motion [ECF No. 507] is TRANSFERRED to the United States Court of Appeals for the Eighth Circuit.

Dated:  September 10, 2019     s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge