UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0141(8) (PJS/HB) |
| | Case No. 22-CV-1475 (PJS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| RODNEY FRANKLIN PITTMAN, | |
| Defendant. | |

Defendant Rodney Pittman pleaded guilty to one count of conspiring to distribute controlled substances and two counts of distributing cocaine base. The Court sentenced him to 90 months in prison and three years of supervised release. ECF No. 478. Pittman's sentence represented a significant downward variance from the range recommended by the United States Sentencing Guidelines. ECF No. 479. On July 31, 2019, the United States Court of Appeals for the Eighth Circuit affirmed Pittman's sentence on direct appeal. ECF Nos. 505, 506.

This matter is before the Court on Pittman's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] For the reasons set forth below, the motion

---

[1] Because the Court was unsure whether Pittman's filing was intended to be a motion under § 2255, the Court advised him of the consequences of treating his filing as a § 2255 motion and asked him for clarification pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003). ECF No. 603. Pittman then clarified that he wanted his filing to be treated as a § 2255 motion. ECF No. 606.

is denied. Because the record conclusively demonstrates that Pittman is not entitled to relief, no hearing is necessary.² *See* Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

At sentencing, the Court found that Pittman was subject to the career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines because he had two previous felony convictions for crimes of violence—specifically, two convictions for simple robbery under Minn. Stat. § 609.24. Rev. PSR ¶¶ 98, 100 [ECF No. 475]. Pittman now argues that Minnesota simple robbery no longer qualifies as a crime of violence under the Guidelines and that he is therefore entitled to a reduced sentence. Setting aside the fact that Pittman's § 2255 motion is likely barred by the statute of limitations, *see* § 2255(f), Pittman's argument fails for two additional reasons:

*First*, because Pittman's 90-month sentence is lower than the 20-year maximum applicable to his counts of conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(C), *see* ECF No. 478 at 1, his claim that the Court erroneously calculated his Guidelines range is not cognizable under § 2255. *Sun Bear v. United States*, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc) (because the defendant's sentence was within the authorized statutory

---

²Because no hearing is necessary, the Court denies Pittman's motion for a hearing. *See* ECF No. 605.

maximum, his "collateral attack on an application of the career offender guidelines provisions is not cognizable under § 2255").

*Second*, Pittman is simply incorrect on the merits, as Minnesota simple robbery remains a crime of violence under § 4B1.2(a)(1) of the Guidelines. *See United States v. Jackson-Bey*, 964 F.3d 730, 732 (8th Cir. 2020), *cert. denied*, 142 S. Ct. 151 (2021) (holding that *Stokeling v. United States*, 139 S. Ct. 544 (2019), reinforced earlier cases finding that Minnesota simple robbery is a "violent felony" under an identical definition in the Armed Career Criminal Act). The Court therefore rejects Pittman's claim that he no longer qualifies as a career offender under the Guidelines.

Pittman's remaining arguments concern his desire to be reunited with his family, the difficulties he has been having in prison, and various complaints about prison conditions. None of these arguments provide a basis for relief under § 2255, which only provides a remedy for prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pittman's § 2255 motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 607] is DENIED.

2. Defendant's motion for a hearing [ECF No. 605] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 24, 2022                                s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge